UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No.  2:17-cv-0468-KJN<br><br><br>ORDER |

Plaintiff Michael Harris seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").[1]  Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment. (ECF Nos. 17, 18.)  No optional reply brief was filed.

For the reasons discussed below, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the Commissioner's final decision.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 9.)

1

I. BACKGROUND

Plaintiff was born on July 1, 1961; has a high school education; can communicate in English; and previously worked as a cook/baker. (Administrative Transcript ("AT") 23-24.)[2] On November 25, 2013, plaintiff applied for SSI, alleging that he became disabled on January 1, 2012, due to human immunodeficiency virus ("HIV"), depression, and anxiety. (AT 14, 149.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on December 3, 2015, at which plaintiff failed to appear. Plaintiff's attorney appeared on his behalf, and vocational expert ("VE") testimony was obtained. (See AT 31-40.)[3] The ALJ subsequently issued a decision dated January 21, 2016, determining that plaintiff had not been under a disability, as defined in the Act, since November 25, 2013, the date that plaintiff's SSI application was filed. (AT 14-26.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on January 13, 2017. (AT 1-4.) Plaintiff subsequently filed this action on March 3, 2017, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ improperly evaluated the mental health opinion evidence; and (2) whether the ALJ failed to properly develop the record.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] After the administrative hearing, the ALJ sent a notice to show cause for failure to appear at the hearing to plaintiff's address of record. (AT 14.) Plaintiff failed to respond to that notice. (Id.)

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the Commissioner's standard five-step analytical framework.[4] At the first step, the ALJ concluded that plaintiff had not

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation

engaged in substantial gainful activity since November 25, 2013, plaintiff's SSI application date. (AT 16.) At step two, the ALJ found that plaintiff had the following severe impairments: HIV, hypertension, lumbar arthritis, chronic obstructive pulmonary disease ("COPD"), major depressive disorder, and anxiety disorder. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 17.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours each in an eight-hour day; and sit for six hours in an eight-hour day with a sit/stand option in 30-minute intervals. The claimant is limited to occasional climbing, stooping, kneeling, crouching, and crawling. The claimant is never able to perform fast-paced work. The claimant must avoid intense concentration for more than one hour without a five-minute change in focus and may be absent or off-task five percent of the time.

(AT 18-19.) At step four, the ALJ determined that plaintiff was unable to perform any past relevant work. (AT 23.) Nevertheless, at step five, the ALJ found that, in light of plaintiff's age, education, work experience, RFC, and the VE's testimony, there were jobs that exist in significant numbers in the national economy that plaintiff could perform. (AT 24-25.) Consequently, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from November 25, 2013, plaintiff's SSI application date, through the date of the ALJ's decision. (AT 25.)

<u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

*Whether the ALJ improperly evaluated the mental health opinion evidence*

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking,

---

process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[5] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Plaintiff contends that the ALJ erroneously rejected the opinion of plaintiff's treating psychiatrist at the Parole Outpatient Clinic, Dr. Ramon Garcia, who simply indicated "no" in response to brief questions about plaintiff's ability to seek employment, work full time, and work a modified work schedule. (AT 428-30.) However, Dr. Garcia's opinion is entirely conclusory and unsupported by any specific clinical findings and rationale, and is thus not entitled to any weight. As such, any failure by the ALJ to meaningfully address Dr. Garcia's conclusory opinion

---

[5] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

was plainly harmless. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless").

Plaintiff also suggests that the ALJ's rejection of Dr. Garcia's opinion was somehow improperly based on the opinions of a consultative examiner and a state agency physician, because the ALJ only gave partial weight to those opinions. That argument lacks merit because the ALJ actually found that the opinions of the consultative examiner and state agency physician were not restrictive enough and imposed additional limitations based on other record evidence. The ALJ could nonetheless rely on persuasive portions of those opinions that were consistent with other record evidence. Indeed, the ALJ was not required to adopt in full the opinion of any particular medical source, but instead, consistent with applicable law, considered the record as a whole.

Finally, plaintiff argues that the ALJ improperly relied on the opinion of state agency physician Dr. Funkenstein, because Dr. Funkenstein had apparently not considered Dr. Garcia's opinion that plaintiff was unable to seek employment and work. However, as discussed above, Dr. Garcia's opinion is entirely conclusory and unsupported by specific clinical findings and rationale. As such, Dr. Garcia's conclusory opinion could not plausibly have caused Dr. Funkenstein to change his assessment.

Consequently, the court finds that the ALJ's evaluation of the mental health opinion evidence is supported by the record and by the proper analysis.

*Whether the ALJ failed to properly develop the record*

Plaintiff contends that the ALJ failed to properly develop the record in two respects.

First, according to plaintiff, the ALJ should have requested an updated opinion from state agency physician Dr. Funkenstein based on Dr. Funkenstein's review of Dr. Garcia's opinion. As discussed above, that argument is unavailing because Dr. Garcia's conclusory opinion could not plausibly have caused Dr. Funkenstein to change his assessment.

Second, plaintiff claims that the ALJ should have requested an updated opinion from Dr. Funkenstein after the consultative examiner, Dr. Lauri Stenbeck, issued a revised report dropping

////

6

her assessment of plaintiff's GAF score from 60 to 52.[6]  However, plaintiff fails to articulate how that change by itself mandated a reevaluation.  As the ALJ legitimately observed, a GAF score provides only a snapshot opinion about the claimant's level of functioning and generally does not provide a reliable longitudinal picture of a claimant's mental functioning.  (AT 23.)  Moreover, a GAF score of 51-60 is generally indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning.  Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).  Thus, a change in score from 60 to 52, while presumably indicating a slightly lower level of functioning, remains within the range of moderate symptoms/difficulties, which in turn are plainly consistent with the ALJ's RFC.

Consequently, no further record development was necessary.

V.  CONCLUSION

For the foregoing reasons, the court concludes that the ALJ's decision is free from prejudicial error and supported by substantial evidence in the record as a whole.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: July 5, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[6] GAF is a scale reflecting "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness."  Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

7